1

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6                         SAN JOSE DIVISION

7

8    CARL A. WESCOTT,                        Case No.  23-cv-06254-VKD

9                Plaintiff,
                                             **ORDER GRANTING APPLICATION
10         v.                                TO PROCEED IN FORMA PAUPERIS;
                                             STAYING ORDER OF SERVICE; AND
11   APPLE INC,                              SCREENING COMPLAINT UNDER 28
                                             U.S.C. § 1915**
12                Defendant.
                                             Re: Dkt. No. 2
13

14         Carl A. Wescott, proceeding pro se, filed a complaint against Apple Inc. ("Apple") in

15   which he "seeks declaratory relief to get his iTunes account back after it was taken over by

16   criminals (the Bob Block criminal gang)."  *See* Dkt. No. 1 at 1.  Mr. Wescott has also filed an

17   application to proceed *in forma pauperis* ("IFP").  Dkt. No. 2.  For the reasons discussed below,

18   the Court grants Mr. Wescott's IFP application, but finds that his complaint fails to sufficiently

19   identify a basis for the Court's jurisdiction, and also fails to state a claim for relief.  Accordingly,

20   the Court stays service of process and grants Mr. Wescott leave to amend.  If he chooses to amend

21   his complaint, the Court recommends that Mr. Wescott contact the Federal Pro Se Program for

22   assistance (*see* further information below).

23   **I.      IFP APPLICATION**

24         A court may authorize the commencement of a civil action IFP if the court is satisfied that

25   the would-be litigant cannot pay the filing fees necessary to pursue the action.  28 U.S.C

26   § 1915(a)(1).  In evaluating an IFP application, the court should "gran[t] or den[y] IFP status

27   based on the applicant's financial resources alone and then independently determin[e] whether to

28   dismiss the complaint on the grounds that it is frivolous."  *Franklin v. Murphy*, 745 F.2d 1221,

United States District Court
Northern District of California

United States District Court
Northern District of California

1   1226-27 n.5 (9th Cir. 1984), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319

2   (1989).  A court may dismiss a case filed without the payment of the filing fee whenever it

3   determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief

4   may be granted; or (iii) seeks monetary relief against a defendant who is immune from such

5   relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[1]

6        Based on Mr. Wescott's application, the Court is persuaded that he is unable to pay the

7   filing fee and therefore grants his application to proceed IFP.  However, for the reasons discussed

8   below, the Court finds that Mr. Wescott's complaint is deficient and does not state a plausible

9   claim for relief.

10   **II.     REVIEW OF COMPLAINT**

11       **A.     Federal Jurisdiction**

12        Federal courts have original jurisdiction over civil actions "arising under the Constitution,

13   laws, or treaties of the United States."  28 U.S.C. § 1331.  A claim "arises under" federal law if,

14   based on the "well- pleaded complaint rule," the plaintiff alleges a federal claim for relief.  *Vaden*

15   *v. Discovery Bank*, 556 U.S. 49, 59-60 (2009).  While Mr. Wescott's complaint seeks relief

16   "[u]nder the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq." (*see, e.g.,* Dkt. No. 1 ¶¶ 17,

17   18), "[t]he Declaratory Judgment Act does not provide an independent jurisdictional basis for suits

18   in federal court.  It only permits the district court to adopt a specific remedy when jurisdiction

19   exists."  *Fiedler v. Clark*, 714 F.2d 77, 79 (9th Cir. 1983); *see also VIA Techs., Inc. v. SONICBlue*

20   *Claims* LLC, No. C 09-2109 PJH, 2010 WL 2486022, at *3 (N.D. Cal. June 16, 2010)

21   ("declaratory relief is not an independent cause of action, but only a remedy.").  Mr. Wescott's

22   complaint does not identify any claim or independent jurisdictional basis for suit in federal court.

23   Nor does he assert any basis for federal diversity jurisdiction over his complaint.  *See* 28 U.S.C.

24   § 1332 (federal district courts have jurisdiction over civil actions in which the matter in

25   controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

26

27   _____

[1] "[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."
28   *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).

1    citizens of different states).

2          **B.      Failure to State a Claim for Relief**

3          While pro se pleadings are liberally construed, a complaint should be dismissed for failure

4    to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its

5    face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 12(b)(6).  A

6    complaint must include facts that are "more than labels and conclusions, and formulaic recitation

7    of the elements of a cause of action will not do." *Id.* at 555.  "Threadbare recitals of the elements

8    of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*,

9    556 U.S. 662, 678 (2009).  Only plausible claims for relief will survive a motion to dismiss.  *Id*. at

10   679.  A claim is plausible if the facts pled permit the court to draw a reasonable inference that the

11   defendant is liable for the alleged misconduct.  *Id*.

12         Mr. Wescott's complaint asserts that he "has had an iTunes account for years," and

13   believes that "it was in 2018 that his iPhone was stolen[.]"  Dkt. No. 1 ¶¶ 7, 9.  He further alleges

14   that "[a]t that same point, [his] iTunes account was hijacked," and that he recently "learned that it

15   was the [sic] Robert J. Block, the leader of the Bob Block Criminal Gang, that stole both the

16   iPhone, the iTunes account, and many more things from [him]."  *Id*. ¶¶ 10, 11.  Mr. Wescott says

17   that he "seeks declaratory relief to get his iTunes account back" and an order requiring Apple "to

18   return his iTunes account to [him]."  *Id*. ¶¶ 14, 17, 18.  Additionally, Mr. Wescott wants

19   "information about which criminal gang members accessed his iTunes account (from which phone

20   or laptops), any changes they made to the iTunes account, and other related actions through the

21   present."  *Id*. ¶ 15.  However, Mr. Wescott's complaint asserts no facts and identifies no claims

22   establishing that Apple is liable for the injuries Mr. Wescott claims to have suffered, or that he is

23   entitled to relief against Apple.

24         While the Court questions whether he will be able to state any such claim(s) for relief, Mr.

25   Wescott is given leave to amend to correct the defects identified in this order.  If Mr. Wescott

26   chooses to file an amended complaint, his amended pleading must be titled "First Amended

27   Complaint" and must be filed by **January 5, 2024**.  If Mr. Wescott cannot cure the identified

28   deficiencies, the Court will recommend termination and dismissal of the complaint in whole or in

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1    part.

2        If he has not already done so, Mr. Wescott is encouraged to obtain a copy of the Handbook

3    for Pro Se Litigants.[2]  He is also encouraged to contact Haohao Song at the Pro Se Program for

4    assistance.  Information regarding the Program can be found at https://cand.uscourts.gov/pro-se-

5    litigants/the-federal-pro-se-program-at-the-san-jose-courthouse/.  The Program's hours are

6    Monday to Thursday, 9:00 am to 4:00 p.m.  Assistance is provided by appointment and on a drop-

7    in basis.  Appointments can be scheduled by (1) calling 408-297-1480 or (2) stopping by the

8    Federal Pro Se Program, Second Floor, Room 2070 at the United States District Court, 280 South

9    1st Street, San Jose, California.

10       **IT IS SO ORDERED.**

11   Dated: December 6, 2023

12

13   *Virginia K. DeMarchi*

14   Virginia K. DeMarchi
     United States Magistrate Judge

15

16

17

18

19

20

21

22

23

24

25

26

27

28   [2] https://cand.uscourts.gov/wp-content/uploads/2020/02/Pro_Se_Handbook_2020ed_links_12-2021_MBB.pdf

4